TORRENCE and SNIDER, Adm'rs, &c., *v.* ANN J. KERR.

A decree of the probate court against an executor or administrator in favor of the distributees of an estate which was intended to ascertain the amount due, and which orders the sum so ascertained to be paid to said distributees, and which might have been enforced either by an execution or attachment, is *held* to be a final decree.

IN error from the probate court of Yalobusha; Hon. T. A. Cheves, judge of the probate court of Yalobusha county.

The probate court of Yalobusha county, on due notice given, allowed the final account of Thomas Carbry, executor of William Kerr, deceased, on the 12th of November, 1850. It was then ascertained that the balance of the estate remaining in the hands of said executor was $6,291, and thereupon the probate court proceeded to make distribution of the same among those entitled thereto. Carbry, the executor, died before distribution was had, as decreed, and Torrence and Snider were appointed administrators of his estate. Ann J. Kerr was one of the distributees of said William Kerr, deceased, and she sued out a *scire facias* to revive the decree for distribution against the representatives of the said Thomas Carbry, deceased, late executor, &c., to have said decree revived and executed. The administrators of Carbry objected to the revival of the said decree both by demurrer and plea to the *scire facias*, alleging that the decree was not final, and could not therefore be revived.

The probate court overruled the demurrer and plea of appellants, who thereupon prayed a writ of error to this court.

*Aldridge* and *Herron*, for appellants,

Cited 7 Paige, 18; *Cook* v. *Bay*, 4 How. 485; *Thompson* v. *Peeples*, 6 Dana, R. 392.

*D. C. Glenn*, for appellee,

In reply, cited *Niles* v. *Stebbings*, 13 S. & M. 310; *Ray* v. *Lau*, 3 Cran. 179; 4 How. 31; *Satterwhite* v. *Satterwhite*, 13 S. & M. 307.

Mr. Justice FISHER delivered the opinion of the court.

The appellee by her next friend filed her petition in the probate court of Yalobusha county, against the appellants, as administrators of the estate of Thomas Carbry, deceased, to have revived and duly enforced a certain decree made by said court at the November term, 1850, thereof, in her favor, against the said Carbry on his final settlement, as executor of the last will and testament of William Kerr, deceased, father of the petitioner.

It was objected in the court below, both by demurrer and plea to the *scire facias*, that the decree was not final, and could not therefore be revived. The court overruled this objection, and made an order reviving the decree against the appellants, as administrators of said Carbry, which order, in our opinion, is entirely free from objection. The decree was made upon Carbry's own account, and all parties were at his instance brought before the court, to show cause why it should not be made, just as it was made. It was intended to ascertain the amount of his indebtedness to the distributees of Kerr's estate. This the decree in the clearest manner does; and it goes further and orders the sum so ascertained to be paid to said distributees. It is in every respect a decree which might have been enforced either by execution or by attachment, which is the best test of the finality of the decree.

If any questions are left open for the future action of the court, they are not such as affect the distributive share of the petitioner in her father's estate, or which tend in the least to diminish or increase the amount of her share thus ascertained, but only such as relate to its payment or off-set of the decree, by permitting the executor either to settle with the petitioner's guardian, or bringing these questions of payment or off-set again before the court. These questions have no connection whatever with the decree itself, or the amount decreed. The court, after examining the executor's account, said to him, " You, by your own showing, are indebted to the distributees in a certain sum, and judgment is pronounced against you for this sum, and will be enforced according to law, or the discretion of the court as regulated by law. If, however, you can get the distributees or their

guardians to agree to any payments or off-set, you are at liberty to do so. A right which he unquestionably had without the order of the court, as parties may contract in all cases, and about all matters not prohibited by law.

Decree affirmed.